UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Criminal Case No.   1:22-cr-00214

UNITED STATES OF AMERICA,

 Plaintiff

v.

1. Lynn Roeder,

 Defendant.

___

### THIRD UNOPPOSED MOTION FOR ENDS OF JUSTICE EXCLUSION OF TIME
___

 Ms. Roeder, by and through counsel, Rebecca Briggs, hereby moves this Court for an Order to exclude an additional 120 days from the Speedy Trial Act computations, and in support thereof, states as follows:

### PROCEDURAL HISTORY

 1. On June 23rd, 2022, an indictment was filed against Ms. Roeder. Ms. Roeder is charged in a two-count Indictment with Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams and More of Methamphetamine (Actual), in violation of 21 U.S.C. § 846, and with Distribution and Possession with Intent to Distribute 50 Grams and More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). (Doc. 1).

 2. Ms. Roeder made an initial appearance on June 29th, 2023 , and on the same day, was released on pretrial detention and ordered to comply with certain conditions while at liberty. Ms.

Roeder is now in custody following a failure to appear on April 10th, 2023, and a detention hearing on September 5th, 2023.

3.      The case is currently set for a jury trial, scheduled to begin on October 16th, 2023. This court has already granted two separate EOJ requests from the Defense involving previous counsel. (Docs. 16 and 66). Undersigned Counsel is the third court-appointed attorney for Ms. Roeder. The Defense agrees that the speedy trial clock currently would run on November 2nd, 2023.

4.      The Defense requires additional time to investigate the facts, review discovery, interview witnesses, explore possible defenses, consult with experts, file pretrial motions, prepare mitigation, and research legal issues. These undertakings are necessary to advise Ms. Roeder properly and to represent her effectively. Given the complexity of the case, the possible penalties involved, and the amount of evidence at issue, the Defense cannot be prepared for trial by October 16th.

## LAW REGARDING REQUESTS FOR CONTINUANCES

5.      This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433

(10th Cir. 1998)). The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time. *See id.* at 1271. Simply stating the event followed by a conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act. *See id.* at 1271-72.

6. In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

7. Undersigned Counsel was just recently appointed in this matter. Because Counsel lives in Pueblo and Ms. Roeder is incarcerated in Jefferson County, it is a 4-5 hour commute to conference with Ms. Roeder. Further, most of the potential witnesses and possible evidence exist around the Denver metro area.

8. The allegations giving rise to the counts in the indictment purportedly took place almost three years prior, in January of 2021. The Defense therefore expects that many of the individuals involved may be difficult to locate, or incarcerated.

9. Ms. Roeder's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

10. An additional 120 days should provide sufficient time to carry out the tasks described above. The request for a continuance in this case also satisfies the factors set forth in *United States v. West*, *supra*.

11. First, defense counsel has been diligent in the timeliness of this request. Undersigned Counsel first appeared on this matter in front of the presiding judge on Thursday, September 14th, 2023. This motion follows two business days later. Counsel has also recruited an investigator, mitigation specialist, and forensic paralegal to work on the case.

12. Second, it is very likely that this continuance would accomplish the underlying purpose of this request.

13. Third, this request will not inconvenience the opposing party or its witnesses. Assistant United States Attorney Cyrus Chung has been consulted and states he does not oppose this motion.

14. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result of a denial. Because Ms. Roeder is now in custody on this matter, a continuance will result in a longer period of pretrial detention. The need for appropriate time to prepare a defense and provide effective assistance of counsel, however, cause Ms. Roeder to make this request.

15. Ms. Roeder understands the need for this request and represents to Counsel that she has no objections, and agrees to waive her speedy trial rights to achieve the relief requested in this motion.

WHEREFORE, Counsel respectfully requests that 120 days be excluded from the Speedy Trial Act calculation in this matter, and any other relief the court feels is appropriate.

DATED this 18th day of September, 2023.

*/s/ Rebecca Briggs*

Attorney for Defendant
The Law Office of Becky Briggs,
503 N. Main St. #300,  Pueblo, CO 81003
(434) 989-0847
beckybriggslaw@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

/s/ *Rebecca Briggs*

Attorney for Defendant
The Law Office of Becky Briggs,
503 N. Main St. #300,   Pueblo, CO 81003
(434) 989-0847
beckybriggslaw@gmail.com