IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-CR-00214-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LYNN ANN ROEDER,

      Defendant.

## PLEA AGREEMENT

The United States of America, by and through Michael F. Houlihan, Assistant United States Attorney for the District of Colorado, and the defendant, Lynn Ann Roeder, personally and by counsel, Harvey Steinberg, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.  This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    Waive indictment and plead guilty to an information charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), possession of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with intent to distribute;

(2)    Waive certain appellate and collateral attack rights, as explained in detail below; and

COURT EXHIBIT
1

(3)     Not contest forfeiture as more fully described below.

**B. Government's Obligations:**

This agreement is made pursuant to Fed. R. Crim. P.11(c)(1)(A) and 11(c)(1)(B). The government agrees to move to dismiss the Indictment as to the defendant Lynn Ann Roeder with prejudice.   Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment.

The government agrees to argue for the lesser of the following sentencing ranges:

(1) *If the defendant is eligible to receive a sentence below the mandatory minimum required by 21 U.S.C. § 841(b)(1)(B)(viii)*: the government agrees to argue for a sentence within the guideline range which would apply to a mixture or substance containing a detectable amount of methamphetamine, as opposed to the guideline range which is calculated correctly using methamphetamine (actual); and specifically, the government will argue for a sentence of 41 months.   The government believes that the variant guideline sentence range would be 41-51 months, premised on a base offense level of 24, pursuant to U.S.S.G. Section 2D1.1(a)(5), and the adjustments and criminal history category referenced below.

(2) *If the defendant is not eligible to receive a sentence below the mandatory minimum required by 21 U.S.C. § 841(b)(1)(B)(viii)*: the government will recommend a sentence of 60 months imprisonment.

The parties understand that this agreement is not binding on the Court.

Page 2 of 11

Moreover, provided that the defendant does not engage in prohibited conduct or otherwise implicate U.S.S.G. §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

**C.     Defendant's Waiver of Appeal**:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)     the sentence exceeds the maximum sentence provided in the statute of conviction, 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii);

(2)     the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the Court) at a total offense level of 29 or the applicable statutor mandatory minimum, if any; or

(3)     the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral

attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)     the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)     the defendant was deprived of the effective assistance of counsel; or

(3)     the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied §3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D. Forfeiture of assets:**

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853 whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.   The assets to be forfeited specifically include, but are not limited to, the proceeds obtained through transaction cited in Count 1 of the Information. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.   The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters.   Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) are as follows:

*First*: the defendant knowingly or intentionally possessed a controlled substance as charged;

*Second*:  the substance was in fact a mixture or substance containing a detectable amount of methamphetamine;

*Third*: the defendant possessed the substance with the intent to distribute it; and

*Fourth*: the amount of the controlled substance possessed by the defendant was at least 50 grams.[1]

### III. STATUTORY SENTENCE

The statutory sentence for a violation of Count 1 of the Information is: not less than 5 years' imprisonment, not more than 40 years' imprisonment; not less than 4 years' and not more than lifetime supervised release; not more than a $5,000,000 fine; $100 special assessment; no restitution.

### IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

---

[1] 10th Circuit Pattern Criminal Jury Instructions, 2.85 (2023).

The parties agree the government would be able to prove the following facts at trial:

On January 28, 2021, Lynn Roeder and an individual known to the government ("CHS") spoke on multiple occasions about a proposed, prearranged sale of methamphetamine by Roeder to the CHS. At approximately 3:15 PM, the CHS reached out to Roeder to arrange for the sale. Roeder confirmed that the sale would go forward. The CHS and Roeder spoke again a short while later, and Roeder told the CHS that she would meet the CHS in the parking lot of specified Target retail outlet.

At approximately 5:30 PM, Roeder called the CHS and stated that she had arrived at the Target parking lot. However, Roeder stated that she was uncomfortable meeting at that location, and she instead suggested meeting at a nearby gas station. The CHS met Roeder at that gas station a short while later, and they discussed the methamphetamine sale. Roeder agreed to sell the CHS one-and-a-half pounds of methamphetamine for $3500. The CHS paid Roeder at that time. Roeder indicated that she did not have the methamphetamine with her but stated that she would retrieve it from another individual. The CHS and Roeder agreed to meet near Downing Street and Interstate 25 ("I-25") to complete the transaction.

At roughly 6:10 PM, the CHS called Roeder, who told the CHS to meet her in the parking lot of a Ross Dress for Less retail store located near Colorado Boulevard and I-25. Around an hour later, Roeder called the CHS. She stated that she was in the Ross parking lot but expressed concern that law enforcement officers were watching the area. Roeder then directed the CHS to go to a nearby Nordstrom Rack retail store.

The CHS met Roeder and Sarah Cervantes inside the Nordstrom Rack at

approximately 7:20 PM. Roeder stated that some of the methamphetamine for the transaction on her person, and some was in her car. During that meeting, Roeder continued to express concern that law enforcement was watching her.

At roughly 7:40 PM, the CHS exited the Nordstrom Rack and returned to the CHS's vehicle to wait for Roeder. Ten minutes later, the CHS saw Roeder leave Nordstrom Rack. Roeder did not return to her own vehicle and did not answer repeated phone calls by the CHS. A short while later, the CHS saw Roeder's car driving slowly around the Nordstrom Rack parking lot and nearby parking lots. The CHS attempted to contact Roeder on two different phone numbers. After several attempts, Cervantes answered one of the phones. Cervantes said that she did not know where Roeder had gone but that Roeder had left her phone and the methamphetamine in the car. Cervantes agreed to bring the methamphetamine to the CHS and complete the sale.

The CHS and Cervantes met at a gas station near the Nordstrom Rack at roughly 8:39 PM. Cervantes gave the CHS the methamphetamine that Roeder left in the vehicle. That methamphetamine weighed 119.5 grams in total, of which 85 grams constituted a mixture or substance containing a detectable amount of methamphetamine. The mixture was determined to be approximately 88% pure and contain 74.8 grams of methamphetamine (actual).

Based on the foregoing facts, Roeder admits that she knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, on January 28, 2021, as charged in the information. Roeder further admits she possessed the substance with the intent to distribute it, and that the amount of the controlled substance she possessed was at least 50 grams.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.   The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.   To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a)    Under Section 2D1.1(a)(5) and (c), the base offense level is **30**, because the relevant conduct involved at least 50 grams but less than 150 grams of methamphetamine (actual).

b)    The parties agree there are no adjustments for Specific Offense Characteristics under Section 2D1.1(b).

c)    The parties agree the defendant should not receive a role adjustment under Section 3B1.1 or 3B1.2.

d)    The government contends that the defendant should be subject to a **2-level increase** under Section 3C1.1 for obstructing or impeding the administration of justice; however, the defendant may argue that this does not apply.

e)    The parties agree that the defendant should receive a **3-level downward adjustment** for acceptance of responsibility pursuant to

Section 3E1.1.  The resulting **total offense level is either 27 or 29**.

f)      The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties believe that the defendant is in **criminal history category II**.

g)      The career offender/criminal livelihood/armed career criminal adjustments do not apply.

h)      The advisory guideline range resulting from these calculations with an offense level of 29 is **97 - 121 months;** the advisory guideline range resulting from these calculations with an offense level of 27 is **78-97 months**. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 87 months (bottom of Category I) to 188 months (top of Category VI). The guideline range would not exceed, in any case, the statutory maximum applicable to the count of conviction.

i)      Pursuant to Section 5E1.2 and 21 U.S.C. § 841(b)(1)(B), the fine range for this offense would be **$30,000** to **$5,000,000**, plus applicable interest and penalties.

j)      Pursuant to guideline Section 5D1.2 and 21 U.S.C. § 841(a)(1)(B), if the Court imposes a term of supervised release, that term shall be **at least 4 years and not more than life.**

k)      The government stipulates the defendant satisfies criteria (2) through (4) of Section 5C1.2 and 18 U.S.C. § 3553(f). If the defendant satisfies criteria (5) not later than the time of sentencing and the Presentence Investigation Report confirms the parties' belief regarding her criminal history, she will be eligible to receive a sentence below the 60-month mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(B) and she will receive a two-level reduction pursuant to Section 2D1.1(b)(18). With that reduction, her Total Offense Level would become either **25 or 27**.

l)      The advisory guideline range resulting from Total Offense Level 27 and Criminal History Category II is **78 - 97 months;** or, the advisory guideline range resulting from Total Offense Level 25 and Criminal History Category II is **63-78 months**. The fine range would be **$25,000** to **$5,000,000**, plus applicable interest and penalties. The supervised range would be **at least 1 year but not more than 3 years**.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 1|4|24

Lynn Ann Roeder
Defendant

Date: 1/4/24

Harvey Steinberg   Stephen Burstein
Attorney for Defendant

Date: 1/4/24

Michael F. Houlihan
Assistant U.S. Attorney