UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Number: 22-CR-00214-CMA

**UNITED STATES OF AMERICA,**

Plaintiff, v.

**1. LYNN ANN ROEDER,**

Defendant.

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

Defendant Lynn Roeder, by and through her attorney, Stephen M. Burstein, of the law firm of Springer and Steinberg, P.C., hereby submits her objections to the presentence report ("PSR"). Specifically, the Defendant objects as follows:

**Objection to Facts Contained in "Additional Information"**

1. Ms. Roeder objects to and disputes the information contained in paragraph 17 of the PSR, that she sold approximately 2.5 pounds of methamphetamine in exchange for $12,000.00. As noted by Probation, the alleged drugs were never seized nor tested. *See* PSR, Para. 17 at fn. 1.

2. Ms. Roeder objects to and disputes the statement contained in paragraph 18 of the PSR, that she fled from the scene of the motorcycle accident on October 13, 2020. Ms. Roeder avers that she remained on the scene, but was transported to the hospital by family members due to the nature of her injuries and the delayed response by first responders.

3. Ms. Roeder objects to and disputes the statement contained in paragraph 19 of the PSR, in that it overstates her involvement and the degree of methamphetamine trafficking.

4. Lastly, Ms. Roeder objects to and disputes the statement contained in paragraph 21 of the PSR, in that it overstates the amount of narcotics involved in trafficking each month.

### Objection to the Offense Level Computation

5. Probation acknowledges the Court's policy disagreement with the Guidelines treatment of offenses involving methamphetamine actual, as compared to mixtures containing a detectable amount of methamphetamine, or other controlled substances.  *See* PSR, paragraph 28; *United States v. Pereda*, No. 1:18-cr-00228-CMA, Doc, no. 70, filed 02/06/19.  While Ms. Roeder agrees that the base offense level would be a 24, and agrees with the Court's policy disagreement, she objects to the re-calculation of the total offense level due to the adjustment of Obstruction of Justice in paragraph 32.

6. After the first disclosure of the PSR was filed, Ms. Roeder has satisfied the requirements of § 5C1.2(a), and is now Safety Valve eligible.  Therefore, she objects to Probation's statement in paragraph 29 that she is not eligible.  Further, she objects to the Total Offense Level, calculated in paragraph 37, the Sentencing Options, noted in paragraphs 91-93, and *Exhibit A*, in that they do not account for Safety Valve relief.

7. Ms. Roeder objects to Probation's assessment that the two-level adjustment for Obstruction of Justice applies, as set forth in the PSR, paragraph 32.  While willfully failing to appear, as ordered, for a judicial proceeding may constitute Obstruction of Justice, Ms. Roeder avers that her memory loss, coupled with mental health issues,

caused her failure to appear. As such, she did not act 'willfully' and has since accepted responsibility and pleaded guilty.

Dated this 18th day of April, 2024.

Respectfully submitted,
*s/ Stephen M. Burstein*
Stephen M. Burstein
Springer & Steinberg, P.C.
Attorney for Lynn Roeder

1400 S. Colorado Blvd., Suite 500
Denver, CO 80222
(303)861-2800 Telephone
(303)832-7116 Telecopier
sburstein@springersteinberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2024, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

AUSA Michael Houlihan
Michael.Houlihan@usdoj.gov

*/s/ Stephen M. Burstein*
Stephen M. Burstein

- 4 -